IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

UNITED STATES OF AMERICA,
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY,

      Plaintiff,

v.                                No. 05-2200 B

EASEMENTS AND RIGHTS-OF-WAY
OVER A TOTAL OF 11.36 ACRES OF LAND,
MORE OR LESS, IN FAYETTE COUNTY,
TENNESSEE, and ERNEST B. WILLIAMS, III, et al.,

      Defendants.

_____

ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
_____

Before the Court is the motion of the Plaintiff, United States of America, upon the relation and for the use of the Tennessee Valley Authority (the "TVA"), for partial summary judgment with respect to certain defenses proffered by the Defendants, Easements and Rights-of-Way Over a Total of 11.36 Acres of Land, More or Less, in Fayette County, Tennessee (the "Easements") and Ernest B. Williams, III, et al.  This condemnation action was brought on March 16, 2005 to take the Easements for the erection, operation and maintenance of electric power transmissions circuits and communication circuits.  At the time of filing, pursuant to the Declaration of Taking Act, 40 U.S.C. § 258a, the Plaintiff deposited with the Court the amount of $100,000, which was its estimate of just and liberal compensation for the land taken.

In their answers, the Defendants denied the statement contained in paragraph 2 of the complaint to the effect that "[t]he authority for the taking is the Tennessee Valley Authority Act of 1933, as amended, 16 U.S.C. § 831-831ee (2000 & Supp. II 2002))" and asserted four defenses to

the taking:  (1) "Plaintiff failed to provide proper and lawful notice of public meetings" concerning the project for which the Easements were taken and "that [Defendants'] constitutional and statutory rights to proper process [had] been denied"; (2) Plaintiff and the Defendants "previously agreed" "upon a route for the easements and rights-of-way shown in Plaintiff's Declaration of Taking" and that the TVA should be required "to honor its prior agreement regarding the location of these easements and rights-of-way"; (3) "[t]he electric power transmission circuits . . . create electro-magnetic fields which endanger the health and welfare of citizens in the area" and that the "Court [should] deny Plaintiff the right to erect, operate, or maintain electric power transmission circuits and communication circuits along the easements and rights-of-way"; and (4) "the Tennessee Valley Authority has failed to comply with 40 U.S.C. § 258a (2000), et seq."[1]  The Plaintiff argues that

---

[1]Section 258a, now codified at 40 U.S.C. § 3114, provided as follows:

In any proceeding in any court of the United States outside of the District of Columbia which has been or may be instituted by and in the name of and under the authority of the United States for the acquisition of any land or easement or right of way in land for the public use, the petitioner may file in the cause, with the petition or at any time before judgment, a declaration of taking signed by the authority empowered by law to acquire the lands described in the petition, declaring that said lands are thereby taken for the use of the United States. Said declaration of taking shall contain or have annexed thereto--

**(1)** A statement of the authority under which and the public use for which said lands are taken.

**(2)** A description of the lands taken sufficient for the identification thereof.

**(3)** A statement of the estate or interest in said lands taken for said public use.

**(4)** A plan showing the lands taken.

**(5)** A statement of the sum of money estimated by said acquiring authority to be just compensation for the land taken.

Upon the filing said declaration of taking and of the deposit in the court, to the use of the persons entitled thereto, of the amount of the estimated compensation stated in said declaration, title to the said lands in fee simple absolute, or such less

summary judgment is appropriate as to these defenses as they do not constitute defenses to a taking

as a matter of law.

Motions for summary judgment are governed by Rule 56 of the Federal Rules of Civil

Procedure, which states in pertinent part that a

> . . . judgment . . . shall be rendered forthwith if the pleadings, depositions, answers
> to interrogatories, and admissions on file, together with the affidavits, if any, show
> that there is no genuine issue as to any material fact and that the moving party is
> entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c); see Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91

L.Ed.2d 265 (1986); Canderm Pharmacal, Ltd. v. Elder Pharmaceuticals, Inc., 862 F.2d 597, 601

---

estate or interest therein as is specified in said declaration, shall vest in the United
States of America, and said lands shall be deemed to be condemned and taken for
the use of the United States, and the right to just compensation for the same shall
vest in the persons entitled thereto; and said compensation shall be ascertained
and awarded in said proceeding and established by judgment therein, and the said
judgment shall include, as part of the just compensation awarded, interest in
accordance with section 6 of this Act on the amount finally awarded as the value
of the property as of the date of taking, from said date to the date of payment; but
interest shall not be allowed on so much thereof as shall have been paid into the
court. No sum so paid into the court shall be charged with commissions or poundage.

Upon the application of the parties in interest, the court may order that the money
deposited in the court, or any part thereof, be paid forthwith for or on account of
the just compensation to be awarded in said proceeding. If the compensation
finally awarded in respect of said lands, or any parcel thereof, shall exceed the
amount of the money so received by any person entitled, the court shall enter
judgment against the United States for the amount of the deficiency.

Upon the filing of a declaration of taking, the court shall have power to fix the
time within which and the terms upon which the parties in possession shall be
required to surrender possession to the petitioner. The court shall have power to
make such orders in respect of encumbrances, liens, rents, taxes, assessments,
insurance, and other charges, if any, as shall be just and equitable.

(6th Cir. 1988).  In reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party.  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986).

> In their response to the motion, the Defendants have advised the Court as follows:
>
> Defendants have reviewed Plaintiff's Motion for Partial Summary Judgment . . . Although Plaintiff stands by each and every factual allegation made in its Complaint, as long as this Court reserves for a jury trial the amount of just compensation which should be awarded as a result of Plaintiff's taking, although Defendants do not consent, they do not wish to file any memorandum opposing the Motion for Partial Summary Judgment filed by Plaintiff in this cause of action.

(Defs.' Resp. to Pl.'s Mot. for Partial Summ. J. at (unnumbered) 2.)  Accordingly, as the Defendants do not appear to take issue with the merits of the instant motion and as the Plaintiff's position indeed is supported by the caselaw, see Chesapeake & O. Ry. v. Greenup County, Ky., 175 F.2d 169, 173 (6th Cir.1949) ("The power of eminent domain is 'so inherently governmental in character and so essential for the public welfare,' as not to be susceptible of abridgement by agreement"); United States ex rel. TVA v. an Easement & Right-of-way Over 5.1 Acres of Land, More or Less, in Madison County, Tenn., No. 95-1290 (W.D. Tenn. Apr. 16, 1996) ("TVA has the authority to exercise the right to eminent domain and the explicit power to acquire property for the construction of transmission lines"); United States ex rel. TVA v. an Easement & Right-of-way Over 1.8 Acres of Land, More or Less, in Maury County, Tenn., 682 F.Supp. 353, 357 (M.D. Tenn. 1988) ("the necessity and scope of the particular taking at issue are not subject to judicial review" so long as the taking falls within the TVA's statutory authorization); United States ex rel TVA v. Road Easement, in Coffee County, Tenn., 424 F.Supp. 567, 569 (E.D. Tenn. 1976) ("A hearing on the taking of private property for an intended public use is not essential to due process under the Constitution, Fifth Amendment, Due Process Clause.  The landowners will have due process by the determination

4

of how much they are to be compensated for the taking of their particular property and rights therein"); United States v. an Easement & Right-of-Way 200 Feet Wide & 874 Feet Long Over Certain Land in Desoto County, Miss., 235 F.Supp. 376, 377 (N.D. Miss. 1964) ("[t]he necessity for taking a particular tract, and the location of the power line, are legislative or administrative questions rather than judicial"); Aff. of Charlene L. Evans, the motion is hereby GRANTED.

    IT IS SO ORDERED this 16th day of February, 2006.


                  s/ J. DANIEL BREEN
                  UNITED STATES DISTRICT JUDGE